# UNITED STATES DISTRICT COURT
for the
Middle District of Georgia

United States of America
v.
Andrew Martin Holiday

Case No: 5:20-CR-00026-001

USM No: 05289-509

Date of Original Judgment: 03/12/2021
Date of Previous Amended Judgment: N/A
*(Use Date of Last Amended Judgment if Any)*

Catherine M. Williams
*Defendant's Attorney*

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION
## PURSUANT TO 18 U.S.C. § 3582(c)(2) (Amendment 821)

Upon motion of  ☒ the defendant  ☐ the Director of the Bureau of Prisons  ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by Amendment 821 to the *United States Sentencing Guidelines*, and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:

☒ DENIED.  ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____ .

Andrew Martin Holiday was originally sentenced on March 2, 2021, to 84 months imprisonment and a three-year term of supervised release. Holiday's criminal convictions resulted in a subtotal criminal history score of six. An additional two points were added since he committed the instant offense while under a criminal justice sentence. His total criminal history score was eight which established a Criminal History Category IV. Based on a Total Offense Level 27 and a Criminal History Category IV, the guideline imprisonment range was 100 to 125 months.

Part A of Amendment 821 of the United States Sentencing Guidelines eliminated "status points" for being under a criminal justice sentence at the time of the instant offense for defendants with six or less criminal history points. Therefore, the defendant's total criminal history score would be reduced to six which establishes a Criminal History Category III. Based on a Total Offense Level 27 and a Criminal History Category III, the guideline imprisonment range becomes 87 to 108 months. However, at the time of sentencing, the Court departed downward considering the government's motion for a two-level downward departure, pursuant to USSG §5K2.0(a)(2)(B), and the defendant was sentenced within that corresponding guideline sentencing range. As such, the defendant is not eligible for relief under 18 U.S.C. § 3582(c)(2) because his original sentence (84 months) is below the newly calculated range (87 to 108 months), and any further reduction is not authorized pursuant to USSG § 1B1.10(b)(2)(A). For the above reasons, his Motion to Reduce Sentence is DENIED. Further, the defendant's request for court appointed counsel is DENIED for the reasons stated above.

Except as otherwise provided, all provisions of the judgment dated   03/12/2021   shall remain in effect.
**IT IS SO ORDERED.**

Order Date: 4/4/24

*Judge's signature*

Effective Date: _____
*(if different from order date)*

Tillman E. Self, III, U.S. District Judge
*Printed name and title*